Able and distinguished counsel for appellants in support of his application for rehearing contends that commencing on page 1151 of the court's opinion this court incorrectly stated grounds 2 and 3 of the premises upon which the appellants concluded their complaint stated a cause of action in tort for "bad faith." A more accurate statement of appellants' premises is:
1. The policy insured them against adverse claims to their title.
2. They have breached their warranty to their grantee because at the time of the conveyance by them there was an unknown adverse claim to their title which was based on an alleged ownership interest which existed at the time they took title from their grantor.
3. They notified their insuror of that adverse claim to their title.
4. Defendant, insuror, although having a duty to do so, has in bad faith failed to take affirmative action to cause to be removed the defect or cloud upon their title resulting from the adverse claim.
The decision rendered by the court in this cause is simply that even where a defect in title existed at the time the policy was issued, no affirmative duty was required of the title company under the facts of this case because Section 3 (c) of the policy only provides that "Mississippi Valley shall have the right * * * to take affirmative action." The decision was clearly based on the provisions of Section 3 (c), which this court, in its opinion, distinguished from the terms of the policy in the Jarchow case. Since there was no duty to take affirmative action on this matter, there could be no breach to support a cause of action for bad faith.
OPINION EXTENDED; APPLICATION FOR REHEARING OVERRULED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.